UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHAD PHELPS and JOSHUA WULFF,

    Plaintiffs,

v.                                                    CASE NO. 3:11-cv-836-J-32JBT

DETAIL USA, INC., etc., et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement and Incorporated Memorandum of Law ("the Joint Motion") (Doc. 17), as supplemented by Plaintiff's [sic] Response to This Court's Order Dated January 5, 2012 ("the Supplement") (Doc. 19).[2] The Court has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons stated herein, the Court recommends that the Joint Motion be granted and the settlement be approved.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Pursuant to the Court's Order of December 7, 2011, the undersigned shall prepare a report and recommendation "regarding whether the parties' proposed settlement . . . is a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues." (Doc. 16 (citation omitted).)

1

**I.     Introduction**

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. 1.)  Plaintiffs, Chad Phelps and Joshua Wulff, seek to recover overtime compensation, unpaid minimum wages, liquidated damages, reasonable attorney's fees and costs, and declaratory relief.  (*Id*.)

After reviewing Defendants' verified summary and supporting pay and time records, Phelps estimated that he is owed $952.22 in overtime damages and an equal amount in liquidated damages.  (Doc. 17 at 3.)  Similarly, Wulff estimated that he is owed $2,501.25 in overtime damages and an equal amount in liquidated damages.  (*Id.* at 4.)  Since arriving at these estimates, each Plaintiff executed a separate settlement agreement with Defendants.  Phelps and Defendants have executed a settlement agreement, providing that Defendants would pay him the total sum of $2,741.10, which represents $620.55 (less all lawful deductions) payable to him as unpaid wages, $620.55 payable to him as liquidated damages, and $1,500.00 payable to his attorney for attorney's fees and costs.  (Doc. 17-1 at 2-4.)  Plaintiff Wulff and Defendants have executed a separate settlement agreement, providing that Defendants would pay him the total sum of $4,758.90, which represents $1,629.45 (less all lawful deductions) payable to him as unpaid wages, $1,629.45 payable to him as liquidated damages, and $1,500.00 payable to his attorney for attorney's fees and costs.  (Doc. 17-1 at 10-12.)

On December 15, 2011, the parties filed the Joint Motion, in which they

provide explanations for the compromises ultimately reached. They explain that "[t]he parties agree that the instant action involves disputed issues, including whether Plaintiffs worked overtime hours which they were not compensated for, and if overtime damages were due, whether liquidated damages are appropriate." (Doc. 17 at 3.) Defendants assert that both Plaintiffs were fully compensated and, if they are owed any overtime compensation, the violation was unintentional and that no liquidated damages should apply. (*Id.* at 3-4.) The parties assert that the proposed settlement "is a fair and reasonable resolution of FLSA claims." (*Id.* at 4.) Further, the parties state that they have complied with the bifurcated method of settlement endorsed by *Bonetti v. Embarq Management Company*, and Plaintiffs' attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. (*Id.* at 5.) On January 17, 2012, Plaintiffs filed the Supplement, in which they provide their attorney's time and cost records for the Court's review. (Doc. 19.)

**II. Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

In *Bonetti*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court

4

> will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-CV-01204-J-32MCR (M.D. Fla. Jan. 23, 2010).

## III. Analysis

The parties represent that there are bona fide disputes over at least the following issues: (1) whether Plaintiffs were fully compensated for all overtime hours and (2) even assuming that Plaintiffs are owed some overtime wages, whether they are entitled to liquidated damages. (Doc. 17.) The parties agree that their proposed settlements are a fair and reasonable resolution of these issues. (*Id.*)

As explained in the Joint Motion, Plaintiffs' estimates of what they are owed are based in part on the inclusion of liquidated damages equal to their estimates of overtime wages due. (*Id.* at 3-4.) Defendants dispute that Plaintiffs were not fully compensated for their overtime. (*Id.*) However, Defendants assert that, even if Plaintiffs are entitled to overtime wages, the violation was unintentional and that no liquidated damages should apply. (*Id.*) Despite the mandatory language of the

5

statute, the Eleventh Circuit has held that "the district court has discretion to reduce or deny liquidated damages." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).  Thus, were this case to proceed, Defendants would have an opportunity to prove that "'the act or omission giving rise to [the violation] was in good faith and that [they] had reasonable grounds for believing that [their] act or omission was not a violation of the FLSA.'" *Id.* (citation omitted).  Therefore, based on the representations of the parties and the applicable law, the Court finds that bona fide disputes exist regarding whether Plaintiffs were fully compensated for their overtime and if not, whether they are entitled to liquidated damages.

In light of these contested issues, and upon review of the parties' proposed settlement, the Court concludes that the proposed settlement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.  *Lynn's Food*, 679 F.2d at 1355.  In addition, the Court notes that both Plaintiffs are represented by an attorney.  In light of these circumstances, the Court finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.  This finding is, however, subject to revision based on the Court's analysis of the attorney fee issues.

Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers."  307 F. App'x at 351.  Moreover, because the

parties complied with *Bonetti*, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that either of Plaintiff's recoveries was adversely affected by the amount of attorney's fees and costs to be paid to his counsel.

The Court has reviewed the fee and cost records submitted (**Docs. 19-2 & 19-3**), and finds no reason to believe that the compromises over Plaintiffs' recoveries were adversely affected by the attorney's fee agreed upon for each Plaintiff. The Court finds that the amount sought for fees and costs is not patently unreasonable. Accordingly, the Court has not conducted an in-depth analysis of the fees and costs.[3] It also appears that Plaintiffs' counsel is being adequately compensated.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Joint Motion (**Doc. 17**) be **GRANTED.**

2. The settlement agreements (**Doc. 17-1 at 2-17**) be **APPROVED.**

3. The case be **DISMISSED WITH PREJUDICE.**

4. The Clerk of Court be **DIRECTED** to close the case.

---

[3] The Court's recommendation that the parties' proposed settlement be approved does not reflect a determination that the hourly rate charged by Plaintiffs' counsel constitutes a reasonable hourly rate in this or any applicable market.

**DONE AND ENTERED** at Jacksonville, Florida, on January 19, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record